## NABE McAFEE vs. THE STATE.

### COURT OF APPEALS, TYLER TERM, 1883.

*Theft—Indictment.*—Article 425 of the code of criminal procedure provides that, in alleging the name of the accused it shall be sufficient, if one or more of the initials of the christian name and the surname be used. See the opinion for an indictment for theft, held sufficient under this rule.

*Same—Charge of the Court.*—An essential element of theft is the fraudulent taking of property from the possession of the owner, or some one holding possession for him. A taking by one accused is essential to his guilt of theft, and no other subsequent connection with the stolen property, whether in good or bad faith, will, of itself, constitute theft; wherefore it was error to charge, in substance, that the jury was authorized to convict if they believed that in purchasing the alleged stolen property from another, the defendant knew that the person from whom he purchased had no title to the property and no right to sell it.

*Same—Possession of Property Recently Stolen* may be relied upon by the state to connect the defendant with the taking but this possession may be accounted for by purchase, whether in good or bad faith. And a purchase in bad faith, though it would subject the accused to prosecution for knowingly receiving stolen property, is matter defensive to a prosecution for theft.

*Same.*—While a defendant's guilty knowledge of the seller's want of title becomes a grave question in his effort to meet proof of a fraudulent taking by proof of purchase, he cannot be permitted, by showing a sham purchase, whether in good or bad faith, to excuse a fraudulent taking.

Appeal from Navarro County.

*William Croft* for appellant.

*J. H. Burts* Assistant Attorney General for the State.

Opinion by Hurt, J.

Nabe McAfee was charged with the theft of a cow, the property of

H. Hailey. Hailey swore his name was Hiram, but it appears from the evidence that the initials of his given name are K. H., making K. H. Hailey Counsel for defendant urged below, and here insists, that this was a fatal variance.

To allege "H" and prove "Hiram" would suffice. To allege "Hiram" and prove that he was commonly known as Hiram would be sufficient, though Hiram be the middle name. But to allege "H" and prove "K H," the "H" standing for Hiram, presents quite a different case. Under the well settled rule "that a middle name or initial is not known in law, and is treated as of no consequence whatever," it would follow that to allege a middle name or middle initial only, would not be a basis for proof of any name; and that when the evidence developed the fact that the middle name or initial had been changed in the indictment the unsufficiency of the indictment would appear, and the prosecution crumble under such an indictment. These observations have reference to the law as it stood prior to the revision.

By article 425 of the code of criminal procedure it is sufficient to state one or more of the initials of the christian name and the surname. This article settles the question against the defendant.

Defendant relied upon a purchase and bill of sale from another party. There was evidence in support of this defense. Upon this theory of the case, the learned judge charged the jury as follows : "If you believe from the evidence that the defendant, in good faith, purchased from one Williams, said cow, and that he took and had possession of the same by reason of said purchase, and the bill of sale introduced, although you may believe from the evidence that it had been stolen by the Williams, you are instructed that such taking would not constitute theft, and in that case you will find the defendant not guilty, unless you believe from the evidence that the defendant knew at the time, that the said Williams had no right or title to, or ownership in said cow, or authority to sell the same."

Suppose that defendant took possession of the cow, by reason of such purchase, what had good faith to do with this case ?

Let us illustrate. A steals a cow. B with knowledge of the theft buys the cow from A. Shall we say thereupon B stole the cow ? Again, A steals a cow; B with knowledge of the theft, buys from A. Are we not forced to say therefore, that B did not steal the cow— these being the facts of the case ?

Theft is the fraudulent taking of property from the possession of the owner, or some one holding possession for him. There must be a taking, and subsequent connection with the stolen property, be it in good or bad faith, honest or fraudulent, will constitute theft.

If the evidence fails to connect the defendant with the taking, unless by recent possession, this recent possession may be accounted for by proof of purchase, whether in good or bad faith; and defendant may in law urge the purchase, notwithstanding he had full knowledge that the seller had stolen the property. It is true that this would be receiving property knowing it to have been stolen, for which the purchaser, under an indictment charging such offense, could be tried and convicted. But the appellant in the case at bar was tried for and convicted of theft. It was this charge—this offense—he was called upon to meet, and no other; and he had the right to meet and defeat the charge of theft, with any matter which would serve that purpose, although his guilt of another offense should be developed.

In the charge complained of the jury are told that if the defendant in good faith purchased the cow from Williams, and by virtue of said purchase took possession of the cow, they should find the defendant not guilty, "unless defendant knew at the time that Williams had no right or title to or ownership in the cow, or authority to sell the same." Now, the jury are not informed what they should do in the event they should find from the evidence, that defendant did know that Williams had no right or title or ownership in the cow, etc. But the inference of guilt of the theft of the cow from this charge is inevitable, and the jury could have drawn no other conclusion if they believed defendant knew these facts, than the guilt of defendant.

If the defendant should attempt to meet the proof of a fraudulent taking, with a purchase and bill of sale, his guilty knowledge of the seller's title, or right to sell becomes of very great importance. He will not be permitted by a sham purchase, or by any character of purchase, whether in good faith or otherwise, to excuse the fraudulent taking.

But suppose that the jury should believe from the evidence that the defendant did not take the cow, but purchased the same with full knowledge that Williams had stolen her, he certainly would not be guilty of theft. Hence we conclude that if the defendant's connection with the cow was subsequent to the taking, he is not guilty of

theft, whether this connection be fraudulent or in good faith. We are not discussing the question as to what is required to constitute a principal. See this subject exhaustively treated in Cook vs. State, recently decided by this court.

We are of the opinion that the court erred in the charge discussed. And as this charge was excepted to, the judgment must be reversed and remanded.